UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x

JOSE QUIC PONCIO, FELIPE GERARDO SAPON SAPON
on behalf of themselves, and those similarly situated,

        Plaintiffs

    v.

FRANCESCO PIZZERIA & ITALIAN RESTAURANT
CORP., VITO RAPPA and AARON CASTRATI,
jointly and severally,

        Defendants.

-------------------------------------------------------------------------------x

No.:

**PLAINTIFFS'
COLLECTIVE ACTION
COMPLAINT**

**WITH JURY DEMAND**

Plaintiffs JOSE QUIC PONCIO (hereinafter "Plaintiff Poncio"), and FELIPE GERARDO SAPON SAPON (hereinafter "Plaintiff Sapon"), on behalf of themselves, and those similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover unpaid overtime, unlawfully withheld spread of hours premium, and statutory penalties for notice-and-recordkeeping violations for plaintiffs and all others similarly situated. These named plaintiffs are hourly employees, who perform work as delivery persons and prep cooks, who have worked at defendants' restaurant, corporately owned Francesco Pizzeria & Italian Restaurant Corp. with an establishment at 186 Columbus Ave., New York 10023 (hereinafter "Francesco Pizzeria").

2.    Defendants have deprived plaintiffs and their co-workers of minimum wage and overtime pay since at least on or about September 2014 in violation of the Fair Labor Standards Act ("FLSA").

1

3.      Defendants have deprived plaintiffs of minimum wage, overtime pay and spread of hours premium since at least on or about September 2011 in violation of the New York Labor Law ("NYLL").

4.      Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5.      Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

6.      Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

7.      Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq.*, and Article 19 §§650 *et seq.* of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8.      Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9.      As stated below Francesco Pizzeria is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10.      Upon information and belief, Francesco Pizzeria is subject to personal jurisdiction in the State of New York since it is located in New York County, State of New York.

11.      Venue is proper in this District because Francesco Pizzeria conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

12.      Defendants Francesco Pizzeria & Italian Restaurant Corp. is a New York Corporation doing business as Francesco Pizzeria located at 186 Columbus Ave., New York, New York 10023.

13.      Defendant Vito Rappa (hereafter "Defendant Rappa"), on information and belief is a resident of New Jersey. Defendant Rappa does business in this judicial district in New York State. Defendant Rappa, who at all times relevant to this complaint, has been the manager and owner of Francesco located at 186 Columbus Ave. at 69 St. has exercised control over plaintiffs' schedule, pay, and working conditions and exercised the right to hire and fire plaintiffs.

14.     Defendant Aaron Castrati (hereafter "Defendant Castrati"), on information and belief is a resident of New York County, New York. Defendant Castrati who at all times relevant to this complaint has been the manager of Francesco, has exercised control over plaintiffs' schedule, pay, and working conditions and exercised the right to hire and fire plaintiffs.

15.     Each defendant jointly and severally employed plaintiff at all times relevant to this complaint.   Each defendant has had, individually and jointly, substantial control over plaintiffs' wages, hours and working conditions.

16.     Reference to defendants throughout this complaint is to all named defendants, and some John Doe managers unless a particular defendant is specifically named.

17.     Upon information and belief, based on information provided by plaintiffs, employees of defendants, Francesco Pizzeria is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Francesco Pizzeria is a popular restaurant with a thriving, high traffic location on 69th Street in Manhattan. It has established itself in the Upper West Side for approximately 18 years and was so profitable that they opened a second location in New Jersey.  Furthermore, the Restaurant is open at least 14 hours a day, and on Friday and Saturday they are open for 18 hours a day. The company employs over seventeen workers at any given time.   As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

18.     Upon information and belief, as well as first-hand knowledge of plaintiffs, employees of defendants, Francesco Pizzeria regularly conducted interstate business. Specifically, Francesco Pizzeria has regularly accepted credit card payments debiting funds from

out-of-state bank accounts.  In addition, many of the staples served at the restaurant include products grown out of state such as olives, pineapple, Italian tomatoes.

19.     Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

20.     Defendants have had control over all employment practices at the Restaurant, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS

### Common Allegations

21.     For all of the named plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named plaintiffs, as well as all those similarly situated:

- At all times relevant, defendants failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, defendants failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

- At all times relevant, defendants have failed to pay plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, defendants failed to pay plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, defendants failed to provide plaintiffs with adequate meal breaks in violation of NYLL §§162 *et seq.*

- At all times relevant, defendants failed to pay Plaintiffs the spread of hours premium in violation of NYLL.

- At all times relevant, defendants took unlawful deductions and tools of the trade deductions in violation of FLSA and NYLL.

## Individual Factual Allegations

**Felipe Gerardo Sapon Sapon**

22.    Plaintiff Felipe Gerardo Sapon Sapon is an adult individual who is a resident of Kings County, State of New York.

23.    Plaintiff Sapon was employed as a delivery person and prep cook by defendants from on or about March 1, 2014 to on or about January 2016.  He was then reemployed by Defendants from on or about July 1, 2016 to March 1, 2017.

24.    As a delivery person and prep cook for Francesco Pizzeria, Plaintiff Sapon was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

25.    Plaintiff Sapon was hired by manager Defendant Aaron Castrati who assigned him his hours and told him that his weekly pay would be $220.

26.    Upon information and belief Defendant Castrati at all times reported to Defendant Rappa, the latter whom had ultimate control and approval over all hire, fire and other day-to-day management decisions.

27.    At all times Plaintiff Sapon reported directly to Castrati and indirectly to Defendant Rappa who was known to Plaintiff Sapon as the boss and the owner.

28.     In the period from March 1, 2014 to on or about January 2016 Plaintiff Sapon worked Tuesdays from 1pm to 1am; Wednesday and Thursday from 2pm to 2am;  Fridays and Saturdays from 4pm to 4am; and Sundays from 1pm to midnight. He was off on Mondays.

29.     Thus, in the period from March 1, 2014 to on or about January 2016 Plaintiff Sapon worked seventy-one (71) hours per week over the course of six days per week and was paid $220 for a rate of $3.09 per hour.

30.     He was paid in cash by Defendant Castrati every Sunday.

31.     In January 2016 when Plaintiff Sapon requested the day off because he was sick, he was fired by Defendant Castrati. Defendant Rappa attempted to hire him back and Sapon did come back but Castrati threatened not to pay him.

32.     Several monthly later Defendant Rappa called and invited Plaintiff Sapon back to work

33.     In the period from July 1, 2016 to March 2017 Plaintiff Sapon worked six days a week from 11am to 11pm. He was off on Thursdays.

34.     Thus, in the period from July 1, 2016 to March 2017 Plaintiff Sapon worked seventy-two (72) hours per week and was paid $300 for a rate of $4.16 per hour.

35.     When Plaintiff Sapon returned in this second period again his wages were set by Castrati.

36.     At all times relevant, Plaintiff Sapon worked primarily as a bicycle delivery person and prep cook. At all times relevant he spent several hours per shift engaged in prep and cleaning work, such as stocking sodas at the beginning of his shift, cleaning, and taking out the trash. Additionally at the end of the shift he would assist with mopping and cleaning the dining area after the wait staff had left for the night. He was also tasked with portioning out the pizza

dough into balls, and cutting vegetables. During his first period of employment before he left in March 2016 he would make all the pizza dough on Wednesdays, as the pizza maker was off on that day.  When he returned in July 2016 he began to be assigned prep tasks in the basement. At all times all such tasks combined took at least 2 to 3 hours per day to complete.

37.     At no time was Plaintiff Sapon given breaks of any kind.

38.     At all times relevant Plaintiff Sapon was not paid overtime.

39.     Further at no time was Plaintiff Sapon paid the spread of hours premium for those days on which he worked in excess of ten hours.

40.     Further Plaintiff Sapon was required to purchase his own helmet and bicycle to perform his work as a delivery person.

41.     He was never repaid for these tools of the trade nor was he repaid for bicycle expenses such as new chains, flat fixes, inner tubes and new tires and other required bike repairs.

42.     In addition to the cost of the bicycle, such repairs averaged $50 per month.

43.     Further, in or about December 2016 while en route with a delivery he got into an accident with a vehicle at 73rd and Broadway while on his bicycle. He was taken by ambulance to a hospital at 59th St. and Columbus.  After two hours he was released from the hospital after being treated for minor abrasions. When the $300 bill from the hospital arrived Defendants refused to pay it despite the fact that Plaintiff Sapon had called Defendant Castrati while at the scene of the accident to tell him what had happened while making a delivery.

**Jose Quic Poncio**

44.     Plaintiff Poncio is an adult individual who is a resident of  Kings County, State of New York.

8

45.     Plaintiff Poncio was employed as a delivery person and prep cook by defendants from on or about January 2008 to in or about February 28, 2012 at Francesco Pizzeria.

46.     As a delivery person and prep cook by for Francesco Pizzeria, Plaintiff Poncio was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

47.     Plaintiff Poncio work six days a week from 10 a.m. to 10 p.m. and was off on Wednesdays.

48.     Accordingly, Plaintiff Poncio regularly worked seventy two (72) hours per week over the course of six days per week and was paid $270 for a rate of $3.75 per hour.

49.     Plaintiff Poncio initially reported to a manager named Tony and later he reported to Aaron Castrati directly and to Vito Rappa indirectly.

50.     Plaintiff Poncio was paid in cash weekly by Tony and then later by Defendant Castrati.

51.     Occasionally Plaintiff Poncio was asked by a manager to work on his day off and he received no additional pay for performing an extra day's work. His weekly pay remained unchanged.

52.     At all times relevant Jose spent least 2 hours per shift engaged in prep and cleaning work, cutting pizza toppings, making pizza sauce, preparing several pizza trays and taking out the bicycles from the basement at the beginning of the shift.

53.     Further, not only was Plaintiff Poncio paid an hourly rate of $3.75 per hour in violation of the minimum wage law, but at all times relevant Jose was paid $3.75 per hour for all hours, including those in excess for forty hours per week.

54.     Thus at all times relevant Plaintiff Poncio was not paid overtime.

55.     Further at no time was Plaintiff Poncio paid the spread of hours premium for those days on which he worked in excess of ten hours.

56.     At no time was Plaintiff Poncio given breaks of any kind.

57.     Further Plaintiff Poncio was required to purchase his own helmet and bicycle to perform his work as a delivery person.

58.     He was never repaid for these tools of the trade nor was he repaid for bicycle expenses such as new chains, flat fixes, inner tubes and new tires and other required bike repairs.

59.     Specifically he paid $750 for a bicycle needed for the job and frequently he paid $20 to repair a flat tire, and $40 to fix a broken chain.

60.     In addition to the cost of the bicycle, such repairs averaged $50 per month.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61.     Named plaintiffs bring their first, second, and seventh claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at Francesco Pizzeria between on or about September 2014 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

62.     Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

63.     At all times relevant to this complaint, and upon information and belief, named Plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

64.     Named Plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

65.     Named Plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

66.     Named Plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully making unlawful tools of the trade deductions from Plaintiffs' pay in violation of FLSA 29 U.S.C. § 196(d).

67.     For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

68.     Plaintiffs bring their third, fourth, fifth, sixth, and eighth claims for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly delivery workers and or kitchen workers workers employed by defendants at Francesco Pizzeria Restaurant between the limitation period and the date of final judgment in this matter.

69.     All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the defendants' records

that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

70.     Joinder of all Class members is impracticable since, upon information and belief, there are more than 40 Class members. That is, Defendants employ 17 people at any given time, and Plaintiffs belief that in the relevant period each position has turned over approximately twice. Nonetheless, the exact number of Class members is presently unknown to plaintiffs since all facts and records necessary for precise calculation are in the sole possession and control of the defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

71.     The plaintiffs' claims are typical of those claims which could be alleged by any member of the Class. The relief sought by plaintiffs is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices, as well as defendants taking of unlawful deductions from plaintiffs' wages and failure to pay plaintiffs spread of hours premium as required. The aforesaid policies and practices of defendants similarly affect all Class members. Plaintiffs and Class members have sustained similar injuries and damages as a result of defendants' unlawful acts and/or omissions.

72.     Plaintiffs are fit to fairly and competently represent and protect the interests of the Class.  For the purposes of this action, plaintiffs have no interests that conflict with those of the Class.  Plaintiffs' attorneys have considerable experience in the field of employment litigation as well as class action litigation.

73.     Disposition of plaintiffs' claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate defendant;

- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;

- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;

- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights.   Upon information and belief, some Class members are still employed by defendants.

74.    Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

- Whether plaintiffs and Class members were paid minimum wages;

- Whether plaintiffs and Class members were paid spread of hours premium;

- Whether plaintiffs and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in excess of (40) per workweek;

- Whether plaintiffs and Class members suffered unlawful deductions from their wages;

- Whether defendants complied with the record-keeping requirements of NYLL;

- Whether defendants had any method to keep track of the hours plaintiffs and Class members worked;

- Whether plaintiffs were afforded the required break time required under NYLL.

### CLASSWIDE FACTUAL ALLEGATIONS

75.     Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

76.     Defendants knew that the nonpayment of overtime would economically injure plaintiffs and violate federal and New York State laws.

77.     Plaintiffs and Class members regularly worked in excess of forty (40) hours per workweek.

78.     Defendants unlawfully failed to pay plaintiffs in accordance with minimum wage requirements of federal and state law.

79.     Defendants failed to provide plaintiffs and Class members with a statement with each payment of wages as required by §195 *et seq.* of the NYLL.

80.     Defendants unlawfully failed to pay plaintiffs and Class members at the overtime rate as provided by the NYLL for all hours in excess of forty (40) in a workweek.

81.     Defendants unlawfully failed to pay plaintiffs and Class members at the spread of hours premium rate as provided by NYLL for all days when Plaintiffs worked more than ten hours.

82.     Defendants violated NYLL § 195(3) by failing to furnish plaintiffs with a statement with every payment of wages, listing gross wages, deductions and net wages.  In addition, defendants failed to furnish an explanation of how such wages were computed when plaintiffs requested such an explanation.

83.     Defendants violated NYLL § 195(1) by failing to provide plaintiffs with a yearly notice which includes rates of pay including straight time and overtime; how and when plaintiffs are paid; the official name of plaintiffs' employer and any other names used for business; the address and telephone number of the employer's main office or principal location; and allowances taken as part of the minimum wage, such as tip deductions.

84.     Defendants violated N.Y. Lab. Law § 196–d, by taking illegal deductions from Plaintiffs' wages by failing to  cover the cost of helmets, bicycle, bicycle repairs and other expenses incurred by Plaintiffs for defendants benefit.

85.     Defendants committed the foregoing acts against the plaintiff, FLSA Collective Plaintiffs and members of the Class.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

86.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

87.     At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

88.     At all times relevant, defendants employed plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

89.     Defendants were required to pay plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

90.     Upon information and belief, defendants knowingly failed to pay plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

91.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

92.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

93.     Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

94.     At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named plaintiffs and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

95.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by**

**Plaintiffs on Behalf of Themselves and the Class)**

96.     Plaintiffs, on behalf of themselves and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

97.     Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

98.     Defendants did not pay the minimum wage for all hours worked by plaintiffs.

99.     Upon information and belief, defendants' failure to pay plaintiffs the minimum wage was willful within the meaning of the NYLL.

100.    Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by**

**Plaintiffs on Behalf of Themselves and the Class)**

101.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

102.    Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

103.    Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

104.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

### (Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves and the Class)

105.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

106.    Defendants have failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

107.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

### (Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves and the Class)

108.    Plaintiffs, on behalf of themselves and those similarly situated, repeat reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

109.    Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

110.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**(FLSA Tools of the Trade, 29 U.S.C. § 203(m) and 29 CFR 531.59, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

111.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

112.    Throughout the period covered by the applicable statute of limitations, defendants unlawfully failed to reimburse Plaintiffs for tool of the trade deductions such as bicycle repairs, helmets, and bicycles.

113.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, have been damaged in an amount as yet determined, plus liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

**(Unlawful Deductions, NYLL §§ 196(d), Brought by Plaintiffs on Behalf of Themselves and the Class)**

114.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

115.    Throughout the period covered by the applicable statute of limitations, defendants unlawfully failed to reimburse Plaintiffs for tool of the trade deductions such as bicycle repairs, helmets, and bicycles in violation of the NYLL.

116.    Plaintiffs and others similarly situated have been damaged in an amount as yet determined, plus liquidated damages.

## NINTH CLAIM FOR RELIEF

**(Spread-of-Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Plaintiffs on Behalf of Themselves and Similarly Situated Class Members)**

117.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

118.    Defendants regularly and knowingly required plaintiffs and similarly situated persons work in excess of ten (10) hours per day.

119.    Defendants knowingly, willfully, and intentionally failed to pay plaintiffs and similarly situated persons one extra hour's pay at minimum wage for every day in which the interval between plaintiffs' start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

120.    Because of defendants' willful violation of the NYLL, plaintiffs and similarly situated persons are entitled to recover from defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## **RELIEF SOUGHT**

**WHEREFORE**, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A.  Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B.  Designation of plaintiffs as representatives of the FLSA Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that defendants' violations of the FLSA were willful;

F. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of minimum wage compensation under the FLSA and NYLL;

J. An award for tools of the trade and unlawful deductions under the FLSA and NYLL;

K. An award of spread of hours premium under the NYLL;

L. An award of liquidated damages pursuant to the FLSA;

M. An award of damages for violations of NYLL;

N. All penalties available under the applicable laws;

O. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

P. Interest as provided by law; and

Q. Such other relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiffs demand a jury trial for all causes of action and claims for which they have a right to a jury trial.


Dated: New York, New York
        December 8, 2017

Respectfully submitted,

MIRER MAZZOCCHI JULIEN &
CHICKEDANTZ, PLLC

By: Ria Julien
Attorney for Plaintiffs
150 Broadway, 12th floor
New York, NY 10038
(212) 231-2235
rjulien@mmsjlaw.com