# EXHIBIT I

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE QUIC PONCIO and<br>FELIPE GERARDO SAPON SAPON<br>individually,<br><br>         *Plaintiffs*,<br><br> -against-<br><br>FRANCESCO PIZZERIA &<br>ITALIAN RESTAURANT<br>CORP., VITO RAPPA<br>and AARON CASTRATI,<br>jointly and severally,<br><br>         *Defendants.* | Docket No.: **17-cv-9660 (JLC)**<br><br>WAGE-RELATED<br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

   This Wage-Related Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs, JOSE QUIC PONCIO, and FELIPE GERARDO SAPON SAPON ("Plaintiffs") on the one hand and FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., VITO RAPPA and AARON CASTRATI, incorrectly named in the caption and hereinafter referred to as ADRIAN KASTRATI, (collectively "Defendants"), on the other hand.

   WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

   WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No 17-cv-9660 (JLC) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws by Defendants;

   WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws;

   WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

   NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

   1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of

Plaintiffs' claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Eighty Seven Thousand and Five Hundred Dollars ($87,500.00) (the "Settlement Amount") to be paid to Plaintiffs and attorneys in four (4) installments.

    (a) Initial Payment of Twenty-Five Thousand Dollars ($25,000.00) to be delivered to Plaintiff's Counsel no later than seven (7) days after the approval of this Agreement or by May 15, 2019, which ever date is later, and to be issued in three checks as follows:

- One check drawn on the gross amount of One Thousand Five Hundred - Ninety Eight Dollars and Thirty-Three cents ($1,598.33), by money order or certified check made payable to the order of Jose Quic Poncio;

- One check drawn in the gross amount of Fifteen Thousand and Sixty Eight Dollars and Thirty-Three cents ($15,068.33), by money order or certified check made payable to the order of Felipe Gerardo Sapon Sapon;

- One check drawn in the amount of Eight Thousand Three Hundred and Thirty Three Dollars and Thirty Three Cents. ($8,333.33) by money order or certified check made payable to the order of Mirer Mazzocchi & Julien, PLLC

    (b) Second Payment of Twenty Two Thousand and Five Hundred Dollars ($22,500) to be delivered to Plaintiff's Counsel no later than September 15, 2019 and to be issued in three checks as follows:

- One check drawn on the gross amount of Dollars One Thousand Four Hundred Thirty-Eight Dollars and Fifty Cents ($1,438.50), by money order or certified check made payable to the order of Jose Quic Poncio

- One check drawn in the gross amount of Thirteen Thousand, Five Hundred and Sixty-One Dollars and Fifty Cents ($13,561.50), by money order or certified check made payable to the order of Felipe Gerardo Sapon Sapon;

- One check drawn in the amount of Seven ThousandFive Hundred Dollars ($7500.00) by money order or certified check made payable to the order of Mirer Mazzocchi & Julien, PLLC

    (c) Third Payment of Twenty Thousand Dollars ($20,000) to be delivered to Plaintiff's Counsel no later than December 15, 2019 and to be issued in three checks as follows:

- One check drawn on the gross amount of One Thousand Two Hundred Seventy-Eight Dollars and Sixty-Seven Cents ($1,278.67), by money order or certified check made payable to the order of Jose Quic Poncio;

2

- One check drawn in the gross amount of Twelve Thousand Fifty-Four Dollars and Sixty-Seven Cents ($12,054.67) by money order or certified check made payable to the order of Felipe Gerardo Sapon Sapon;

- One check drawn in the amount of Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($6,666.66) by money order or certified check made payable to the order of Mirer Mazzocchi & Julien, PLLC.

(d) Fourth Payment of Twenty Thousand Dollars ($20,000) to be delivered to Plaintiffs' Counsel no later than March 15, 2020 and to be issued in three checks as follows:

- One check drawn on the gross amount of One Thousand Two Hundred Seventy-Eight Dollars and Sixty-Seven Cents ($1,278.67), by money order or certified check made payable to the order of Jose Quic Poncio;

- One check drawn in the gross amount of Twelve Thousand Fifty-Four Dollars and Sixty-Seven Cents ($12,054.67) by money order or certified check made payable to the order of Felipe Gerardo Sapon Sapon;

- One check drawn in the amount of Six Thousand Six Hundred and Sixty-Six Dollars and Sixty-Six Cents ($6,666.66) by money order or certified check made payable to the order of Mirer Mazzocchi & Julien, PLLC.

(e) All payments set forth above shall be delivered to the office of Mirer Mazzocchi & Julien PLLC to the attention of Ria Julien, Esq., 150 Broadway, 12th Floor, New York, NY 10038.

(f) Plaintiffs acknowledge that Defendants will issue them an IRS form 1099 at the appropriate time for all amounts in accordance with an IRS form W-9 to be transmitted by Plaintiffs at the time they transmit an executed copy of this Agreement to Defendants.

(g) Hold Harmless. Plaintiffs shall hold Defendants harmless and indemnify Defendants from any payments, penalties, or interest Defendants may be required to make to any taxation authority resulting from Plaintiffs' failure to pay any taxable income arising from their receipt of the Settlement Amount.

2(a). No later than seven (7) days after the Court's approval of the Agreement, or by May 30, 2019, whichever is later, the Parties shall file with the Court, the form set forth in Exhibit A to this Agreement to dismiss the Litigation, with prejudice; however the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants failure to adhere to the payment schedule by a breach and failure to cure as described below.

2(b). Exhibit A, the Stipulation of Dismissal shall not be filed, and Plaintiffs may resume litigating the merits of the Civil Action against Defendants in the District Court, and shall

be entitled to pursue any and all remedies available at law or in equity, if: (i) Defendants fail to pay the Initial Payment as required by Paragraph 2(a) of this Agreement, or (ii) Defendants fail to provide the Confessions of Judgment.

2(c). In the event that any of the installment payments in the Settlement Amount are not timely paid as set forth in paragraph 1 above, on its respective payment date, Plaintiffs shall serve a written notice ("Default Notice") upon counsel for the Defendants by electronic mail to Aisling McAllister at amcallister@bsk.com, and by Federal Express to Aisling McAllister, Esq., Bond Schoeneck & King PLLC, 600 Third Avenue, 22nd Floor, New York, New York 10016, and the Defendants shall have ten (10) days from the date of receipt of the Default Notice to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately notify the Court of Defendants' breach and failure to cure, and the parties agree that in such an event, any and all remaining installments shall be immediately due and owing as set forth in the Confessions of Judgment annexed hereto as Exhibits B1-B3. The Confession of Judgments may only be filed by Plaintiffs upon Defendants' default as set forth above and failure to cure upon service of the Default Notice.

3. <u>Release and Covenant Not To Sue</u>: In consideration of the promises and undertakings set forth in this Agreement, Plaintiffs hereby unconditionally and irrevocably release, waive, discharge and give up any and all Claims (as defined below) that Plaintiffs have or may have against Defendants, its past and present successors, assigns, affiliated entities, and their respective past and present owners, directors, officers, agents, managers, employees, insurers, and attorneys, included, but not limited to all named defendants in the Action (together "Defendant Releasees"). "<u>Claims</u>" means any past and present matters, claims, demands, grievances, complaints, causes of action, and appeals of any kind arising under the Fair Labor Standards Act, the New York Minimum Wage Act, New York Labor Law §§ 650 et seq., the New York Wage Payment Act, New York Labor Law §§ 190 et seq., the New York Department of Labor regulations, 12 N.Y.C.R.R. part 142, and all other statutes and regulations related to the foregoing wage claims.

4. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order. This Agreement compromises disputed claims.

5. <u>Dismissal of the Litigation and Continuing Jurisdiction</u>: Plaintiffs shall file, no later than fourteen days (14) days after the Court's approval of the Agreement or no later than May 30, 2019, a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this agreement by reference) with the Court in this action. In the event that additional documentation is needed to terminate the Litigation, Plaintiffs shall execute and submit all documents required to terminate such proceedings. However, should Defendants fail to make the Initial Payment as required by paragraph 2a or the Confessions of Judgment, pursuant to Paragraph 2(b), the Stipulation of Dismissal shall not be filed, and Plaintiffs may resume litigating the merits of the Civil Action against Defendants in the District Court. In such

case, the Court shall retain jurisdiction to resolve any disputes arising from the Agreement and the settlement of the instant Action.

6. <u>Court Approval:</u> This Agreement shall not be binding without Court approval of the settlement terms.

7. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by the Parties.

8. <u>Acknowledgment:</u> The parties acknowledge that they have been fully and fairly represented by counsel in this matter.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

9. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing, email, or facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Ria Julien, Esq.
Mirer Mazzocchi & Julien, PLLC
150 Broadway, 12th Floor
New York, NY 10038
Telephone (212) 231-2235
Facsimile (212) 409-8338
rjulien@mmsjlaw.com

To Defendants:

Aisling McAllister, Esq.
Bond, Schoeneck & King
600 Third Avenue 22nd floor,
New York, NY 10016-1915
646.253.2309 Direct
646.253.2380 Fax
amcallister@bsk.com

11. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

125565.1 4/9/2019 124890.1

12. **Enforceability**: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

13. **Release Notification**: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with and Ria Julien, Esq. of Mirer Mazzocchi & Julien, PLLC. Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Wage- Related Settlement Agreement and Release have been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

14. **Counterparts**: To signify their agreement to the terms of this Wage-Related Settlement Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

**THEREFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: April 12, 2019

JOSE QUIC PONCIO

STATE OF NEW YORK )
)SS.:
COUNTY OF New York )

On April 12, 2019 before me personally came to me **JOSE QUIC PONCIO** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

Notary Public

Dated: 12/04/19

_____
FELIPE GERARDO SAPON SAPON

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF New York   )

On April 12, 2019 before me personally came to me **FELIPE GERARDO SAPON SAPON** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

RIA JULIEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02JU6352779
Qualified In New York County
My Commission Expires 01-03-2021

Dated: _____

_____
VITO RAPPA, individually and as President of
FRANCESCO PIZZERIA RESTAURANT,
INC. (FRANCESCO PIZZERIA )

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF             )

On _____, 2019 before me personally came to me **VITO RAPPA** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, individually and on behalf of **FRANCESCO PIZZERIA RESTAURANT INC. (FRANCESCO PIZZERIA)**, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: 4·12·2019

_____
FELIPE GERARDO SAPON SAPON

STATE OF NEW YORK   )
                    )SS.:
COUNTY OF           )

On _____, 2019 before me personally came to me FELIPE GERARDO SAPON SAPON known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

Dated: 4/12/19

_____
VITO RAPPA, individually and as President of
FRANCESCO PIZZERIA RESTAURANT,
INC. (FRANCESCO PIZZERIA)

STATE OF NEW ~~YORK~~ Jersey )
                             )SS.:
COUNTY OF Middlesex          )

On 12 April, 2019 before me personally came to me VITO RAPPA known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and Release, individually and on behalf of FRANCESCO PIZZERIA RESTAURANT INC. (FRANCESCO PIZZERIA), and duly acknowledged to me that he executed the same.

_____
Notary Public

[Notary seal: IVY DEZA, NOTARY PUBLIC, STATE OF NEW JERSEY, #50030212, Comm. Exp. 01-14-2021]

7

Dated: 04/12/19        _____
                       ADRIAN KASTRATI

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF            )

On April 12, 2019 before me personally came to me **ADRIAN KASTRATI** known and known to me to be the individual described in, and who executed the foregoing Wage-Related Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

DORETTA A DICOLA
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01DI5088690
QUALIFIED IN DUTCHESS COUNTY
COMMISSION EXPIRES NOVEMBER 24, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE QUIC PONCIO,<br>FELIPE GERARDO SAPON SAPON<br>individually,<br><br>        *Plaintiffs*,<br><br>-against-<br><br>FRANCESCO PIZZERIA &<br>ITALIAN RESTAURANT<br>CORP., VITO RAPPA<br>and AARON CASTRATI,<br>jointly and severally,<br><br>        *Defendants*. | EXHIBIT A<br>Docket No.: 17-cv-9660 (JPO)<br><br>STIPULATION OF VOLUNTARY<br>DISMISSAL WITH PREJUDICE |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the Complaint and any and all claims that were asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees.

Date: New York, New York
   April 12, 2019

_____
Ria Julien, Esq.
Mirer Mazzocchi & Julien, PLLC
150 Broadway, 12th Floor
New York, NY 10038
Telephone (212) 231-2235
Facsimile (212) 409-8338
rjulien@mmsjlaw.com
*Attorneys for Plaintiffs*

_____
Aisling McAllister, Esq.
Samuel Dobre, Esq.
Bond, Schoeneck & King
600 Third Avenue 22nd floor,
New York, NY 10016-1915
646.253.2309 Direct
646.253.2380 Fax
amcallister@bsk.com
*Attorneys for Defendants*

125565.1 4/9/2019124890.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE QUIC PONCIO,<br>FELIPE GERARDO SAPON SAPON<br>individually,<br><br>       *Plaintiffs*,<br><br>-against-<br><br>FRANCESCO PIZZERIA &<br>ITALIAN RESTAURANT<br>CORP., VITO RAPPA<br>and AARON CASTRATI,<br>jointly and severally,<br><br>       *Defendants.* | EXHIBIT B1<br>Docket No.: 17-cv-9660 (JPO)<br><br>**AFFIDAVIT OF CONFESSION<br>OF JUDGMENT** |

STATE OF NEW YORK  )
           ) ss.
COUNTY OF NEW YORK )

  VITO RAPPA, being duly sworn, deposed and says:

1.  I, VITO RAPPA, am the President of FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCOS PIZZERIA) with the principal place of business located at 186 Columbus Avenue, New York, New York 10023.

2.  I have authority to sign on behalf of FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCOS PIZZERIA) and I am duly authorized to make this affidavit on the undersigned entity's behalf.

3.  On behalf of FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCOS PIZZERIA) I hereby confess judgment pursuant to New York CPLR 3218 and authorize entry of judgment against FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCOS PIZZERIA) in favor of Plaintiffs JOSE QUIC PONCIO and FELIPE

GERARDO SAPON SAPON for the sum $100,000 less any payments previously received pursuant to the terms of the Settlement Agreement and Release of Claims dated _____, 2019 (the "Settlement Agreement"), signed by Plaintiffs and Defendants in the above-captioned proceeding.

4.  This Confession of Judgment is conditioned on a debt due to Plaintiffs pursuant to the Settlement Agreement in the event of Defendants' default in payment under the Settlement Agreement.

5.  This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

6.  As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

   i. The date and occurrence of the default;
   ii. The date and method of transmittal of the notice to cure;
   iii. The failure of Defendants to cure the default; and
   iv. The amount due and unpaid.

7.  This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement and, as such, the original signed copy of this affidavit will be returned to Defendants' counsel upon completion of payments.

_____
VITO RAPPA
as President of FRANCESCO PIZZERIA &
ITALIAN RESTAURANT CORP.,
(FRANCESCO'S PIZZERIA)

11

CORPORATE ACKNOWLEDGMENT
OF FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCO'S PIZZERIA)

STATE OF NEW ~~YORK~~ Jersey )
) ss:
COUNTY OF Middlesex )

On the 12 day of April 2019, before me personally came VITO RAPPA, as the Chief Executive Officer of FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCO'S PIZZERIA) to me known who, being by me duly sworn, did depose that he is the President of FRANCESCO PIZZERIA & ITALIAN RESTAURANT CORP., (FRANCESCO'S PIZZERIA) and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

[Notary Seal: IVY DEZA - NOTARY PUBLIC - 50092212 - THE GREAT SEAL OF THE STATE OF NEW JERSEY - My Comm. Exp. 01.14.2023]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE QUIC PONCIO,<br>FELIPE GERARDO SAPON SAPON<br>individually,<br><br>        *Plaintiffs*,<br><br>-against-<br><br>FRANCESCO PIZZERIA &<br>ITALIAN RESTAURANT<br>CORP., VITO RAPPA<br>and AARON CASTRATI,<br>jointly and severally,<br><br>        *Defendants*. | EXHIBIT B2<br>Docket No.: 17-cv-9660 (JPO)<br><br>AFFIDAVIT OF CONFESSION<br>OF JUDGMENT |

STATE OF NEW YORK )
         ) ss.
COUNTY OF NEW YORK )

VITO RAPPA being duly sworn, deposes and says:

1. I am over the age of eighteen and am fully competent and authorized to make this Affidavit of Confession of Judgment on behalf of myself.

2. Although I currently reside in New Jersey, I authorize the entry of this Confession of Judgment in either the United States District Court for the Southern District of New York.

3. I hereby confess judgment pursuant to New York CPLR 3218 in favor of Plaintiffs JOSE QUIC PONCIO and FELIPE GERARDO SAPON SAPON and authorize entry thereof against me, VITO RAPPA in a sum of up to $100,000, less any payments previously made pursuant to the Settlement Agreement (the "Agreement") entered into between the Parties, should Defendants fail to comply with any settlement payment as per Paragraph 1 of the Agreement <u>and</u> do not cure any such failure as set forth in Paragraph 2(b) of the Agreement..

125565.1 4/9/2019 124890.1

4. This Affidavit of Confession of Judgment is for a debt justly to become due to Plaintiffs arising out of the settlement of litigation commenced against Defendants and their promise to pay Plaintiffs a gross amount of $100,000 less any payments previously received pursuant to the terms of the Settlement Agreement and Release of Claims as consideration for the dismissal and release of all claims alleged against Defendants.

5. This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

6. As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

   i. The date and occurrence of the default;

   ii. The date and method of transmittal of the notice to cure;

   iii. The failure of Defendants to cure the default; and

   iv. The amount due and unpaid.

7. This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement and, as such, the original signed copy of this affidavit will be returned to Defendants' counsel upon completion of payments.

Date: 4/12/19

By: _____
VITO RAPPA

Sworn to and subscribed before me this
12 day of April 2019

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE QUIC PONCIO,<br>FELIPE GERARDO SAPON SAPON<br>individually,<br><br>       *Plaintiffs*,<br><br>-against-<br><br>FRANCESCO PIZZERIA &<br>ITALIAN RESTAURANT<br>CORP., VITO RAPPA<br>and AARON CASTRATI,<br>jointly and severally,<br><br>       *Defendants*. | EXHIBIT B3<br>Docket No.: 17-cv-9660 (JPO)<br><br>AFFIDAVIT OF CONFESSION<br>OF JUDGMENT |

STATE OF NEW YORK )
          ) ss.
COUNTY OF NEW YORK )

ADRIAN KASTRATI, being duly sworn, deposes and says:

1.  I am over the age of eighteen and am fully competent and authorized to make this Affidavit of Confession of Judgment on behalf of myself.

2.  Although I currently reside in New Jersey, I authorize the entry of this Confession of Judgment in either the United States District Court for the Southern District of New York.

3.  I hereby confess judgment pursuant to New York CPLR 3218 in favor of Plaintiffs JOSE QUIC PONCIO and FELIPE GERARDO SAPON SAPON and authorize entry thereof against me, ADRIAN KASTRATI in a sum of up to $100,000, less any payments previously made pursuant to the Settlement Agreement (the "Agreement") entered into between the Parties, should Defendants fail to comply with any settlement payment as per Paragraph 1 of the Agreement <u>and</u> do not cure any such failure as set forth in Paragraph 2(b) of the Agreement. .

4.  This Affidavit of Confession of Judgment is for a debt justly to become due to

15

Plaintiffs arising out of the settlement of litigation commenced against Defendants and their promise to pay Plaintiffs a gross amount of $100,000 less any payments previously received pursuant to the terms of the Settlement Agreement and Release of Claims, as consideration for the dismissal and release of all claims alleged against Defendants.

5. This Affidavit is made as security for the Debt set forth above, and will be held in escrow pending the payment of the Debt.

6. As a condition of this Confession of Judgment, Plaintiffs shall establish by affidavit of their attorneys, the following:

    i. The date and occurrence of the default;

    ii. The date and method of transmittal of the notice to cure;

    iii. The failure of Defendants to cure the default; and

    iv. The amount due and unpaid.

7. This Confession of Judgment shall become null and void upon Defendants' timely payments to Plaintiffs totaling the gross amount of due pursuant to the Agreement and, as such, the original signed copy of this affidavit will be returned to Defendants' counsel upon completion of payments.

Date: 04|12|19

By: _____
ADRIAN KASTRATI

Sworn to and subscribed before me this
12th day of April 2019

_____
NOTARY PUBLIC

DORETTA A DICOLA
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01DI5088690
QUALIFIED IN DUTCHESS COUNTY
COMMISSION EXPIRES NOVEMBER 24, 2021

125565.1 4/9/2019124890.1