```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSE QUIC PONCIO and FELIPE GERARDO      :
SAPON SAPON,                             :
                                         :
                Plaintiffs,              :
                                         :
        -v-                              :
                                         :
FRANCESCO PIZZERIA & ITALIAN             :
RESTAURANT CORP., VITO RAPPA, and        :
AARON CASTRATI,                          :
                                         :
                Defendants.              :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: \_\_04/15/2019\_\_

**ORDER**

17-CV-9660 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) for purposes of reviewing their proposed settlement (Dkt. No. 41) and have now submitted a joint letter-motion in support of settlement (Dkt. No. 46) along with their proposed settlement agreement (Dkt. No. 46-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that

plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter-motion in support of settlement as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).  Accordingly, the settlement is hereby approved.[1]

Consistent with paragraphs 2(a) and 5 of the settlement agreement, the parties are directed to file their stipulation of dismissal no later than **May 30, 2019.**  The Court notes that these paragraphs provide that the Court will retain jurisdiction to enforcement the settlement. However, the proposed stipulation of voluntary dismissal with prejudice (Dkt. No. 46-1 (Exh. A)) does not so provide and it must do so if the parties want the Court to retain jurisdiction.  *See, e.g., Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) ("[A] district court 'does not automatically retain jurisdiction to hear a motion to enforce' a settlement agreement simply by virtue of having disposed of the original case.") (citation omitted); *A.R. ex rel. R.V. v. New*

---

[1] The Court observes that the settlement agreement in paragraphs 1(f) and (g) provides that defendants will issue plaintiffs "an IRS Form 1099 at the appropriate time for all amounts in accordance with an IRS form W-9 to be transmitted by Plaintiffs at the time they transmit an executed copy of this Agreement to Defendants," and that "Plaintiffs shall hold Defendants harmless and indemnify Defendants from any payments, penalties, or interest Defendants may be required to make to any taxation authority resulting from Plaintiffs' failure to pay any taxable income arising from their receipt of the Settlement Amount."  In the Court's experience, it is unusual for a wage-and-hour case of this kind to be settled on terms which have all payments made on a Form 1099.  That said, the Court does not believe that the settlement's tax treatment is part of its *Cheeks* review and therefore does not opine on whether it is lawful or not.

2

*York City Dept. of Educ.*, 407 F. 3d 65, 78 (2d Cir. 2005) (court does not maintain jurisdiction to enforce settlement agreement when it does no more than "so-order" stipulation and order of dismissal that dismisses complaint after settlement without "so much as refer[ing] to the settlement agreement.") (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 376–77 (2005)).

The Clerk is directed to close Docket Number 46 and mark it as granted.

**SO ORDERED.**

Dated: April 15, 2019
  New York, New York

_____
JAMES L. COTT
United States Magistrate Judge